Justice Robinson,
dissenting.
I have respect for the majority’s attempt to reconcile the jury instructions which guided the jury in this complex case with well-established principles of employment discrimination law; but I fundamentally disagree with what the majority has written in that regard, and I must record my very strong dissent. In my opinion, the jury was provided with a fundamentally erroneous instruction; and, therefore, I am convinced that the jury’s verdict for the plaintiff should be vacated.
I begin by noting my agreement with the principle set forth as follows in the majority opinion: “We are of the opinion that the issue of whether a party has met its burden of production is a question of law.”[1] However, where I fundamentally part company with the majority is with *1228 respect to its explicit agreement with the trial justice, after a de novo review, that defendants “failed to offer any evidence articulating a legitimate, nondiscriminatory reason for not promoting Dr. Yangambi to the 2004 Position that remotely qualifies as ‘clear and reasonably specific.’ ” (quoting Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The fatal flaw in that rather conclusory statement is revealed by the sentence that immediately follows it in the majority opinion: “The defendants merely presented testimony about their general hiring practices, which appear to be ad hoc at best and admittedly not always honored.” In my view, it defies logic and it is inconsistent with settled principles in this domain of the law to concede that defendants “presented testimony about their general hiring practices,” but then to conclude, as the majority does, that “[gjenerie testimony regarding an employer’s customary hiring or promotional practices, standing alone, does not articulate a clear and reasonably specific nondiscriminatory reason why one employee was promoted over another.” (Emphasis added.) (Internal quotation marks omitted.) In my considered judgment, that testimony about defendants’ general hiring practices fulfilled their burden of production; and I fail to see how it is not as “clear and reasonably specific” as Burdine, 450 U.S. at 258, 101 S.Ct. 1089, requires that it be. See also St. Mary’s Honor Center v. Hicks, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (“[T]he defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action.”) (emphasis in original) (internal quotation marks omitted); Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 421 (1st Cir. 1996) (stating that a defendant’s burden of production is a “modest hurdle”).
The defendants in the instant case sustained their burden by producing evidence; it matters not whether that evidence persuaded the trial justice. See Hicks, 509 U.S. at 509, 113 S.Ct. 2742 (“By producing evidence (whether ultimately persuasive or not) of nondiscriminatory reasons, [the] petitioners sustained their burden of production, and thus placed themselves in a better position than if they had remained silent.”) (emphasis in original) (internal quotation marks omitted); see also Burdine, 450 U.S. at 254, 101 S.Ct. 1089 (“The defendant need not persuade the court that it was actually motivated by the proffered reasons.”). The plaintiff remained free to attack with hammer and tong (as the record shows he most determinedly did) that articulated legitimate, nondiscriminatory reason (i.e., the existence of “general hiring practices”) as being, in the majority’s words, “ad hoc at best and admittedly not always honored.” The majority opinion goes on at great length to point to what it considers to be lapses from adherence to those “general hiring practices” where the 2004 promotion decision was concerned. And I readily concede that pointing to such flaws would have been fair game (and indeed was precisely that) for plaintiff to use in seeking to prove pretext and to carry his ultimate burden of persuasion. See Hicks, 509 U.S. at 507, 113 S.Ct. 2742 (“It is important to note * * * that although the McDonnell Douglas presumption shifts the burden of production to the defendant, [t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.”) (emphasis in original) (internal quotation marks omitted). In my opinion, defendants did not have to prove that they followed the “general hiring 'practices” *1229 with respect to the 2004 promotion decision in order to meet their burden of production; it was for plaintiff to provide contrary proof in :the course of the third phase under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2]
Moreover, in my judgment, the jury instruction in this case- contained a fundamental flaw (a flaw-that is so grave that it certainly can be said that a jury “could have been misled by [the] erroneous charge to the resultant prejudice” of defendants; see State v. Ventre, 910 A.2d 190, 197 (R.I. 2006)). I refer specifically to the language in the jury instruction whereby the jury was explicitly informed as follows with respect to defendants:
“[The defendants] failed to clearly and specifically articulate [their] reasons for not promoting Mr. Yangambi to the [2004 Position]. Therefore, with respect to [said position,] the jury is required to assume the [defendants’] failure to promote Mr. Yangambi was motivated, at least in part, by intentional discrimination unless the jury finds there is contrary or opposing evidence that refutes this presumption.”
I fundamentally disagree that defendants failed to clearly and specifically articulate their reasons, and I therefore disagree that the jury was “required” to assume the fact of intentional discrimination on defendants’ part. This reasoning is inconsistent with the finely balanced allocation of the burdens of proof and production that is outlined in McDonnell Douglas Corp., 411 U.S. at 802-04, 93 S.Ct. 1817, and the cases that have exegeted and refined that seminal case. See, e.g., Hicks, 609 U.S. 502, 113 S.Ct. 2742; Burdine, 450 U.S. 248, 101 S.Ct. 1089. As such, in my opinion, this case should be remanded for a new trial.
I do not lightly dissent, but I have no choice but to do so. I am convinced that the. verdict for the plaintiff was reached after the jury had been instructed in a fundamentally erroneous way. I believe that the balanced procedural approach that was outlined in the seminal McDonnell Douglas Corp. case has been materially disregarded in this case and that the result reached is inconsistent with settled principles of law.[3] With regret that I cannot join the majority, but nevertheless with some degree of fervor, I respectfully submit my unequivocal dissent.

. I note that the jury verdict in this case was favorable to plaintiff with respect to his claim of national origin discrimination as to the 2004 promotion decision. Pursuant to the explicit January 5, 2011 Stipulation between the parties, the allegations of race discrimination that were contained in the second amended complaint were not litigated at trial.

. I note that, in Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 255-56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the United States Supreme Court stated, with respect to a defendant’s burden of production, that "[t]he sufficiency of the defendant’s evidence should be evaluated by the extent to which” it ”present[s] a legitimate reason for the action and * * * frame[s] the factual issue with sufficient clarity so that the'plaintiff will have a full and fair opportunity to demonstrate pretext.” The fact that, in the instant case, plaintiff wás clearly able to identify the legitimate, nondiscriminatory reason that defendants presented and that plaintiff was, thus, able to attempt to demonstrate pretext by arguing that defendants did not follow their "general hiring practices,” is further indication that defendants did actually meet their burden of production.

. Since I believé that the fundamental error ■ in the jury instructions requires 'a new trial in this case, I need not and do not reach the difficult issues surrounding the question of mitigation of damages (i.e., the adequacy vel non of plaintiff's attempts to mitigate his damages and the manner in which that issue was handled as a matter of civil procedure).